## THE STATE v. WAYNICK.

1. **Criminal Law**: INTOXICATING LIQUORS: NUISANCE. The selling of intoxicating liquors for any purpose whatever, without permission first obtained from the board of supervisors, is a misdemeanor, and any person who uses a building for this purpose is guilty of committing a nuisance and may be punished therefor.

*Appeal from Lucas District Court.*

THURSDAY, APRIL 5.

THE defendant was indicted and tried for the crime of nuisance, in keeping and controlling a certain house at which he kept for sale, and did sell, intoxicating liquor. The evidence tended to show that the defendant kept a drug-store, and at such drug-store sold for medicinal purposes, but without a permit, intoxicating liquor. The District Court instructed the jury as follows:

"1st. The object and purpose of the prohibitory law is to prevent the sale of liquor to be used as a beverage, and not to punish physicians for selling it as a part of their medical prescriptions and practice.

"2nd. A physician may, as a physician, prepare in person, and sell medicine in his practice, made up in whole or in part of liquor, wine or alcohol, and not be guilty of violating such law.

" 3rd. If a physician makes out a prescription and sends his patient, or any one for him, to a druggist to obtain the same, such druggist may put it up and take pay for it from the person, though the same may be composed in part or in whole of intoxicating liquors.

" 4th. The important question is, was the transaction, the selling, whether by the physician in selling himself, or in making the prescription for the druggist, and the druggist in compounding or putting up and taking pay for the prescription sent him by the physicians—were all or any of these things done in good faith, and was the liquor sold honestly and in good faith for medicine, and not under color or under pretense of selling medicine as a subterfuge to cover up the selling of liquor for drinking as a beverage?

" 5th. If it was sold in good faith as medicine, under the circumstances hereinbefore set out, then the sale is not illegal.

" If it was sold to be used as a beverage, then it is of no consequence what it might have been called or how it might have been covered up, it is a violation of the law.

" 6th. What is needed more than anything else in all these matters is good common sense. By the use of good practical sense in the consideration of all the evidence and circumstances, and the men involved in the case, or connected with the case, you will easily get at the very truth of the matter, and that is what it is your duty to do.

" The liquor law should be administered, as should every other law, in accordance with its true spirit, and to that end all far-fetched, technical violations of it should be disregarded, and so should all subterfuges adopted by any one to violate it, under pretense of doing something else.

" You are instructed that the State should fully satisfy your minds of the truth of all the matters of fact necessary to be proved to establish the person's guilt, as it it usually termed, beyond a reasonable doubt, as to the truth of such facts.

" The State asks me to say that the law is that the defendant would be liable for any sale unlawfully made by his clerk, the same as if sold by himself. This is correct."

The following instruction asked by the State was refused:

"A druggist has no right to sell intoxicating liquor even for medicinal purposes, unless he has a permit as required by law, and it is his duty to show that he has a permit to sell liquor, as a defense."

Judgment for defendant. The State appeals.

*M. E. Cutts, Attorney General*, and *T. M. Fee*, for the State.

*Thorpe & Son*, for appellee.

ADAMS, J.—Section 1526 of the Code contains the following provision:

"Any citizen of the State except hotel-keepers, keepers of saloons, eating houses, grocery keepers and confectioners, is hereby permitted, within the county of his residence, to buy and sell intoxicating liquor for mechanical, medicinal and sacramental purposes only, provided he shall first obtain permission from the board of supervisors of the county in which such business is to be conducted."

1. CRIMINAL law; intoxicating liquors: nuisance.

The four sections following the said section provide for the manner of obtaining such permission. Other sections provide the manner of conducting the business. Others still, provide the grounds for which and the manner in which the permission may be declared vacated. Sec. 1540 provides that, "if any person not holding such a permit, by himself, his clerk, servant or agent, shall, for himself or any person else, directly or indirectly, or under any pretense or by any device, sell to any person intoxicating liquor, he shall be deemed guilty of a misdemeanor," etc.

The defendant was not indicted under this section, but was indicted for the crime of nuisance. The theory of the District Court, we think, must have been that a person selling without a permit is subject to punishment only under said section 1540. But section 1543 provides that, "in cases of violation of the provisions of either the three preceding sections * * * the building or erection of whatever kind, or the ground itself

in or upon which such unlawful manufacture or sale, or keeping with intent to sell, of any intoxicating liquor is carried on * * * is hereby declared a nuisance and may be abated as the law provides; and in addition to the penalties prescribed in said sections, whoever shall erect * * * or use any building * * for any of the purposes prohibited in said sections shall be deemed guilty of a nuisance and may be prosecuted and punished accordingly, in the manner provided by law." It appears then that, by section 1540, the selling of liquor without a permit is made a misdemeanor, and the person guilty is punishable as therein prescribed; and, by section 1543, any person who uses a building to violate the provisions of section 1540 is guilty of a nuisance and may be subjected to additional penalties for the crime of nuisance.

We think that the District Court erred in its instructions, and that the case must be

REVERSED.